

December 13, 2010

**VIA UPS**

Arthur K. Shaffer
Intellectual Property Center
7101 College Blvd, Suite 1520
Overland Park, KS 66210

Re: <u>Us Weekly LLC Waiver of Service of Summons</u>

Dear Arthur:

Enclosed please find one (1) original waiver of service of summons signed on behalf of Us Weekly LLC by Dana Rosen, General Counsel in the matter of Alexis Burke v. Triggerphoto LLC, White Rock Distilleries, Inc., IStockPhoto LP, and Us Weekly LLC, Civil Action No. 4:10-cv-01136-DGK.

Kind regards,

Anne E. Lee

Enclosures

1290 AVENUE of the AMERICAS NEW YORK NY (tel) (212) 484-1616

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ALEXIS BURKE,<br>an individual residing in Kansas,<br><br>    Plaintiff,<br><br>v.<br><br>**TRIGGERPHOTO LLC**<br>1201 NE Oakwood<br>Lee's Summit, MO 64086<br><br>    Serve Registered Agent:<br>    Jennifer L. Trenchard<br>    1201 NE Oakwood<br>    Lee's Summit, MO 64086,<br><br>**WHITE ROCK DISTILLERIES, INC.**<br>a Maine Corporation,<br>21 Saratoga Street<br>PO Box 1829<br>Lewiston, ME 04241,<br><br>    Service Registered Agent:<br>    John L. Carpenter<br>    PO Box 9729<br>    Portland, ME 04104-5029,<br><br>**ISTOCKPHOTO LP**<br>a Canadian Limited Partnership<br>1240 20th Ave. SE, Suite 200<br>Calgary, Alberta T2G 1M8<br>Canada<br><br>    Service via the Hague Convention<br>    Designated Central Authority:<br>    Alberta Justice<br>    Office of the Sheriff<br>    Civil Enforcement<br>    2nd Floor, 108th Street<br>    Building<br>    9942-108 Street<br>    Edmonton AB T5K 2J5 | Civil Action No. 4:10-cv-01136-DGK |

and

US WEEKLY LLC,
a Delaware Limited Liability Company,
1290 Avenue of the Americas, 2nd Floor
New York, NY 10104-0298

    Serve Registered Agent:
    Corporation Service Company
    2711 Centerville Road, Suite 400
    Wilmington, DE 19808

**Defendants.**

## WAIVER OF SERVICE OF SUMMONS

TO:    Arthur K. Shaffer, Esq.

I acknowledge receipt of your request that I waive service of a summons in the action of Burke v. TriggerPhoto LLC, et al., which is case number 4:10-cv-01136-DGK in the United States District Court for the Western District of Missouri. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

2

Case 4:10-cv-01136-DGK   Document 7   Filed 04/07/11   Page 3 of 5

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after (date request was sent), or within 90 days after that date if the request was sent outside the United States.

12/13/10
Date

*[Signature]*
Signature

Printed/typed name:  TriggerPhoto LLC

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after (date request was sent), or within 90 days after that date if the request was sent outside the United States.

12/13/10
Date

Signature

Printed/typed name:    TriggerPhoto LLC

## Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.